IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID JOSHUA SISNEROS,

    Petitioner,

v.                                                      No. 2:18-cv-00689 JCH/SCY

RICHARD MARTINEZ, Warden,

    Respondent.

## **MEMORANDUM OPINION AND ORDER**

Before the Court is David Joshua Sisneros' habeas corpus petition under 28 U.S.C. § 2254 (Petition) (Doc. 1). He asks the Court to correct his state court sentence for attempted and completed criminal sexual contact of a child under 13. *See* Doc. 1 at 6-7, 12. Specifically, he contends New Mexico's indeterminate period of probation following child sex crimes violates the Due Process Clause. *Id.* For the reasons below, the Court must dismiss the Petition as untimely.

**I. Background**

Sisneros pled guilty to the above charges on November 16, 2012. *See* Doc. 1 at 12; Plea and Disposition Agreement entered in case no. D-202-CR-2009-00073.[1] He was sentenced to a total of 7.5 years imprisonment, but execution of the sentence was fully suspended. *See* Doc. 1 at 13. The state court placed Sisneros on supervised probation for "an indeterminate period of … between five (5) and twenty years (20) years." *Id.* Judgment on the conviction and sentence was

---

[1] The Court took judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (unpublished) (finding that a state district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201).

entered December 3, 2012. *Id.* at 12. In accordance with the plea agreement, Sisneros did not file an appeal. *See* Doc. 1 at 5. The Judgment therefore became final on January 3, 2013 following the expiration of the 30-day appeal period. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (explaining that a petitioner's judgment becomes final for purposes of § 2254 when the time for seeking state appellate review expires); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment).

The state court docket reflects there was no further activity in the criminal case, aside from a substitution of counsel. *See* case no. D-202-CR-2009-00073. On July 18, 2018, Sisneros filed the federal § 2254 Petition. *See* Doc. 1.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for habeas corpus petitions. 28 U.S.C. § 2244(d). The limitation period generally begins to run from the date on which a prisoner's conviction becomes final. The one-year limitation period can be extended:

(1) While a properly filed state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and

demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

By a Memorandum Opinion and Order entered August 29, 2018, the Court directed Sisneros to show cause why the Petition should be dismissed as untimely. *See* Doc. 4. The Petition reflects the limitation period expired in January 2014, one year after the conviction became final and over four years before Sisneros filed his federal § 2254 action. *Id.* at 4. The Memorandum Opinion and Order warned that the failure to timely comply may result in dismissal of the habeas action without further notice. *Id. See also Hare v, Ray,* 232 F.3d 901 (10th Cir. 2000) (the district court may *sua sponte* dismiss an untimely Section 2254 petition where the petitioner fails to identify circumstances that would support tolling).

The show-cause deadline expired on October 1, 2018. *See* Doc. 4 at 3. Sisneros did not explain his filing delay or attempt to demonstrate grounds for tolling. Instead, he filed a Motion to Appoint Counsel (Doc. 5), arguing the Federal Public Defender must participate in this case, and submitted various letters from family members stating his sentence is unduly harsh (Doc. 8). There is no constitutional right to counsel in habeas proceedings, and a discretionary appointment is not warranted at this stage in the case. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Sisneros' appeals to equity are also unavailing, as the one-year limitation period is a statutory requirement the Court must enforce in every habeas case. *See* 28 U.S.C. § 2244(d); *U.S. v. Greer,* 881 F.3d 1241, 1245 (10th Cir. 2018) ("Before addressing the merits of [a habeas] claim, [the petitioner] must show that he can satisfy procedural requirements," including timeliness). The Court will therefore deny the motion and dismiss the Petition as untimely. Because Sisneros has not "made a substantial showing of the denial of a constitutional right," the Court will also deny

3

a certificate of appealability under Habeas Corpus Rule 11.  *See* 28 U.S.C. § 2253(c)(2).

**IT IS THEREFORE ORDERED** that the Motion to Appoint Counsel (Doc. 5) is **DENIED.**

**IT IS FURTHER ORDERED** that the habeas corpus petition under 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED**; a certificate of appealability is **DENIED**; and final judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE